MERL, INC., Plaintiff, *v.* RICHFIELD-JENKS, INC., and Others, Defendants.

Supreme Court, New York Special Term, April 21, 1925.

**Unfair competition — injunction to restrain violation of covenant in lease prohibiting defendant, lessee, from engaging in business other than in plaintiff's place of business during term of lease — lessee subsequently organized defendant corporation to conduct similar business and associated himself with competitor of plaintiff — injunction denied for plaintiff's failure to show lessee's services were unique — complaint dismissed as to defendant corporation.**

Plaintiff is not entitled to an injunction restraining the violation of a covenant in a lease prohibiting the defendant lessee, an ordinary cutter and workman on furs without any peculiar genius, from engaging in business other than in plaintiff's place of business during the term of said lease, where it appears that said lessee, after establishing a fur department in plaintiff's place of business, organized a corporation for the conduct of a similar business, and associated himself with a competitor of plaintiff, and there is no proof that the services of the lessee are unique and extraordinary, and cannot be replaced.

The corporation defendant, not having assumed the personal covenant of the lessee in said lease by which he agreed not to conduct a fur business in any other place than in plaintiff's place of business, is entitled to a judgment dismissing the complaint.

ACTION for an injunction.

*Henry Schwed,* for the plaintiff.

*Louis H. Solomon,* for the defendants Richfield-Jenks, Inc., and others.

*Cohen & Haas,* for the defendant H. Milgrim & Bro., Inc.

LYDON, J.:

Plaintiff seeks an injunction against the defendants. In the month of December, 1922, Louis Richfield, one of the defendants, entered into a written agreement with the plaintiff, which said agreement was a lease, and the said defendant Richfield by such lease rented a department in the plaintiff's place of business. The plaintiff was at that time and still is a dressmaker, occupying a building at Seventy-sixth street and Broadway, in the borough of Manhattan, city of New York. The said Richfield was to conduct a fur business in the premises of the plaintiff as a department of the plaintiff's business, and all retail business transacted by said Richfield was to be in the name of the plaintiff, and all labels placed in or upon fur garments were to have the plaintiff's name only. The said lease expires by its terms January 31, 1927. Under the agreement the said Richfield, as the real owner of the fur department, was in a position to become intimately acquainted with the plaintiff's customers, its method of doing business, and it is quite evident that the plaintiff had that in view, and to protect itself as against the said Richfield taking away any customers it was, among other things, provided in the lease as follows:

" Paragraph 25. The tenant agrees that during the term of this agreement he will not conduct or be interested in (personally or through his agents) a fur business in any manner directly or indirectly at any place and the tenant will devote his entire time and attention to his business in said premises."

" Paragraph 11. The tenant covenants that no business will be taken from the lessor's premises and the tenant will to the utmost of his ability make prosperous the business it maintains in the lessor's premises."

After the said Richfield had entered the premises of the plaintiff and had established the fur department, he suggested to the plaintiff that it would be more desirable for him, the said Richfield, to form a corporation with one of his associates, the defendant Harry L. Jenks; the said corporation to be known as Richfield-Jenks, Inc.,

which is also one of the defendants herein. The plaintiff had no objection to the formation of the corporation and the continuation of the business under the lease by the said corporation. There is no evidence, however, before the court to the effect that the said corporate defendant or the defendant Harry L. Jenks ever assumed the personal covenant of Richfield in the said lease by the terms of which he agreed not to conduct or be interested in directly or indirectly a fur business in any manner or at any place other than in the plaintiff's place of business during the term of the lease. It appears that on or about May 1, 1924, the individual defendants Richfield and Jenks, and their corporation, Richfield-Jenks, Inc., deliberately left the plaintiff's premises and made a connection with the defendant H. Milgrim & Bros., Inc., a rival dressmaker, who was established at Seventy-fourth street and Broadway, two blocks away from the plaintiff, and the corporate defendant Richfield-Jenks, Inc., entered into a similar lease agreement with the defendant H. Milgrim & Bros., Inc., and set up a fur department therein. This act, of course, was a direct violation of the personal covenant of Richfield's in the prior lease, by which the defendant Richfield promised and agreed not to become engaged in any other similar business; but to entitle the plaintiff to injunctive relief as against the defendant Richfield it is necessary to show that the services to be rendered were unique and extraordinary.

The claim on the part of the defendants that there was no consideration for the promise of the said Richfield has no merit. The evidence clearly shows that the said defendant Richfield was an ordinary cutter and workman on furs — not even a designer, because the plaintiff did most of the designing for the fur department — and in the absence of proof that the services of Richfield were unique and extraordinary the cause of action must fail. In such circumstances the plaintiff cannot get injunctive relief because he can substitute for the said services, and whatever damages he may suffer by reason of the necessary change may constitute a cause of action at law. There is no testimony in the case as to the expert ability of either Richfield or Jenks. There is nothing in the lease that shows that any particular service is to be rendered by said Richfield. On the contrary, the plaintiff's witnesses gave testimony to the effect that it was the genius and ability of the plaintiff in designing the furs, as well as aiding the tenant both in the management of the business and finances, that brought about the successful results for the year 1923. The burden of proof was certainly on the plaintiff, and before equitable relief of the nature demanded can be granted the plaintiff must not only show that the negative covenant exists, but that the services cannot be replaced.

(*Kessler & Co.* v. *Chappelle*, 73 App. Div. 447; *Magid* v. *Tannenbaum*, 164 id. 142.) At the end of the trial the complaint was dismissed as to the defendant H. Milgrim & Bro., Inc.

Judgment rendered for the defendants and the complaint dismissed. Submit findings on notice.